Price, J.
1. In the trial of Langenstroer before the justice of the peace and a jury, on a charge of violating one of the sections of the “pure food” statutes, certain excejitions were taken by him to rulings of the court in impaneling the jury, and exceptions also taken to rulings made on the introduction of the testimony. After a verdict of guilty, the defendant obtained time not exceeding ten days within which to prepare and have signed his bill of exceptions. The bill was duly signed within the time allowed and, with a petition in error and the original papers, it was filed in the court of common pleas. It was urged in that court, as it is here, that the bill of exceptions had no vitality, because it was signed after the close of the trial, and the justice had no authority to give time for its preparation and signing. This is the first subject for our consideration, and yet it cannot now be regarded as an entirely open question in this court.
*10 At one time there was no provision for a bill of exceptions at a trial before a justice of the peace, and under the practice of those days, an exception to a decision of law in thé case must be stated in the docket entries, if it was to be reviewed on error prosecuted in the court of common pleas. This method was changed in later years by providing that a bill of exceptions might be taken at the trial, but in order to give it validity, it must, after being signed, have been copied on the docket of the justice and a transcript thereof filed in the reviewing court in order to present the questions for review.
To dispense with the recording of such bill of exceptions upon the docket, Section 6565, Revised Statutes, provided for the preparation, signing and filing of the bill containing the exceptions, with the other papers in the case, and that if the excepting party desired time in which to prepare the bill and have it signed, it was legal for the justice to give such time within the stated limit. This rule has been continued with slight changes since the amendment of March 29,1883. The last amendment was made to the above section April 12,1898, and it provides: “In all eases before a justice of the peace, whether tried by a jury or by the justice, either party shall have the right to except to the decisions of the justice upon any matters of law arising in the case. The party objecting to the decision must except at the time the decision is made, and if requested by the party objecting, time shall be given to reduce the exceptions to writing, but not more than ten days, nor less than five beyond the date, or [of] overruling of the motion for a new trial, or from the date on which the decision of the justice is rendered * * * .” Within the time given, if the bill is correct, the justice shall sign the same and make a note of *11 the facts on his docket, and within ten days thereafter he shall transmit to the clerk of the common pleas court, the bill of exceptions, transcript and original papers.
But does section 6565 apply to exceptions taken in the trial of criminal cases before the justice of the peace? Counsel for the exceptions assert that it does not, and therefore the court of common pleas was not authorized to consider and adjudicate any question contained in such bill where it was signed as in this case.
In State v. Ransick, 62 Ohio St., 283, this court has virtually disposed of this contention. That was a pure food case, decided in this court in March, 1900. After conviction in the justice’s court, Ransick took a bill of exceptions, which was signed by the justice and the allowance and signing were noted on his docket, but the bill of exceptions was not entered at length upon the docket. The court of common pleas in that case refused to consider the bill of exceptions because it had not been so entered on the docket of the justice, and the judgment of the justice was affirmed. For this error the circuit court reversed the common pleas, and remanded the case to the common pleas for its further consideration. The state prosecuted exceptions in this court, to the judgment and decision of the circuit court, and this court held in the first declaration of the syllabus that: “A bill of exceptions taken in a trial before a justice of the peace in a criminal case, is not required to be entered upon his docket. It is sufficient if it be allowed and signed by the justice and filed with the papers in the case, and an entry of these facts with the date thereof is made on his docket.”
This decision is based solely upon the ground that *12 section 6565, while it belongs to the practice before a justice in civil cases, applies also to criminal cases, and that it dispenses with entering the bill of exceptions at length on the docket. In the opinion of the court, as announced by Minshall, J., it is said on p. 286: “It (section 6565) embraces all cases before a justice of the peace — not merely civil cases. The object seems to have been economy and convenience in practice, and in reason applies as well to criminal as to civil cases * * * .”
If the section quoted governs in criminal cases for one purpose, it will also govern for another purpose covered in the same and preceding sentence, where it is distinctly provided that “the party objecting- to the decision must except at the time the decision is made, and if requested by the party objecting, time shall be given to reduce the exceptions to writing, but not more than ten days, nor less than five beyond the date, or [of] overruling of the motion for a new trial, or from the date on which the decision of the justice is rendered.” There is no reason uoav apparent Avhy Ave. should hold differently in this case from the reasoning in State v. Ransick, supra, and it follows that the justice Avas authorized to give time for preparing and signing the bill, as provided in Section 6565, Revised Statutes, and this being so the court of common pleas had a right to consider it.
2. The state further argues that there is no authority under the law for a justice of the peace to-entertain a motion for new trial in a criminal case, and that the only provision for a motion for new trial in that court is found in Section 6560, Revised Statutes, where “the verdict was obtained by fraud, partiality or undue means.” It is attempted to make this point pertinent, by making it appear that no such ground *13 was assigned for new trial in this case, hut other grounds recognized hy section 7350 of the criminal practice, and therefore the common pleas erred in considering the questions presented in the bill of exceptions.
This conclusion does not follow from the premises laid. The exceptions exhibited show that they relate to error committed in impaneling the jury; and error in the introduction of the testimony.
It Avas not necessary to file any motion for new trial before the justice in order to have either of these questions reviewed in the court of common pleas. If the bill of exceptions show's that proper objections wereunade and exceptions saved, they may be reviewed without a motion for new trial having been filed in the trial court. See Earp v. Railway Company, 12 Ohio St., 621; Lockwood v. Krum, 34 Ohio St., 1.
The court of common pleas did not reverse the judgment on the weight or insufficiency of the evidence, but for the errors of laAV above pointed out.
Hence, we are not called upon to decide Avhat the motion for new trial should or should not have contained.
3. Another exception noted in the record grows out of the admission of certain testimony at the trial, and which was made one of the grounds of reversal in the loAver court.
This evidence and the question growing out of it are not mentioned in the printed brief, nor was any reference made to it in oral argument, and we treat the matter as abandoned by counsel.
4. The same observation may be made as to the alleged error in impaneling the jury. We are not cited, either in brief or oral argument, to the part of the proceedings in impaneling the jury where the alleged *14 error occurred, and we are not informed by the exceptions, as to what action or ruling of the justice was found to be erroneous, by the court of common pleas.
5. It is said the lower court should not have entertained and considered the case on error, because the plaintiff in error there did not file his petition in error with the transcript and original papers attached thereto, as required by Section 7358, Revised Statutes.
It seems to be conceded that while they were not so attached when filed in the court of common pleas, they were attached by permission of the court before the case was heard.
We think the court acquired jurisdiction of the case when the papers were filed, and it was competent for the court to allow them to be attached, as was done in this case. It was so decided in State v. Ransick, 62 Ohio St., 283.

The exceptions are overruled.

Burket, C. J., Spear, Davis, Shauok and Crew, JJ., concur,